FILED
DEC 26 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANTA BARBARA COUNTY AIR POLLUTION CONTROL DISTRICT, a Political Subdivision of the State of California, 260 N San Antonio Rd, Suite A Santa Barbara, CA 93110-1315<br><br>   Plaintiff,<br><br> v.<br><br>STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, United States Environmental Protection Agency Ariel Rios Building 1200 Pennsylvania Avenue, N.W. Washington, D.C. 20460<br><br>   Defendants. | Civ. No.<br><br>Case: 1:07-cv-02319<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 12/26/2007<br>Description: Admn. Agency Review |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the federal Clean Air Act, 42 U.S.C. §§ 7401 *et seq.* (the "CAA") and the federal Administrative Procedure Act, 5 USC §§ 701 *et seq.* (the "APA"), and requests the Court to order the Defendants, Stephen L. Johnson, Administrator of the Environmental Protection Agency ("Administrator") and the United States Environmental Protection Agency ("EPA"), to comply with a nondiscretionary duty under the CAA.

2. Section 213 of the CAA (42 U.S.C. § 7547) requires the Administrator of EPA to promulgate regulations requiring the "greatest degree of emission reduction achievable" for marine vessels. These regulations were required to be adopted by November, 1992. CAA § 213(a)(3); 42 U.S.C. § 7547(a)(3). EPA did not adopt any

regulations for so-called Category 3 marine engines used on ocean-going vessels (Marine Compression-Ignition Engines at or Above 30 Liters per Cylinder) until 2003. Even then the rules EPA adopted did not require any emission reductions beyond those already required by international standards, which EPA acknowledged were already being met by manufacturers. Nor did EPA's rules apply to foreign-flagged vessels, which contribute by far the greatest amount of emissions from large ocean-going vessels in the Southern California area.

3. In adopting 2003 rules EPA also established through a properly promulgated regulation a further deadline of April 27, 2007 in which the agency would adopt substantive rules for Category 3 marine engines. In pertinent part, 40 C.F.R. § 94.8(a)(2)(ii) reads: "EPA has not finalized Tier 2 standards for Category 3 engines. EPA will promulgate final Tier 2 standards for Category 3 engines on or before April 27, 2007." In this regulation, EPA committed to incorporate advanced air pollution control technologies into stricter emissions standards and committed to consider whether to make those rules apply to foreign-flagged vessels.

4. The statutory and regulatory time for EPA to promulgate Tier 2 rules for Category 3 marine engines has passed, and EPA has not promulgated such rules and EPA is now in violation of its nondiscretionary duties under § 213 as well as its regulatory duty under 40 C.F.R. § 94.8(a)(2)(ii).

5. By this complaint, Plaintiff Santa Barbara County Air Pollution Control District ("District") seeks a permanent injunction requiring the Administrator and EPA to promulgate Tier 2 regulations for Category 3 marine engines that will require the greatest degree of emission reduction achievable as quickly as possible.

## II.

## JURISDICTION

6. This is an action arising under the Clean Air Act, 42 U.S.C. § 7401 et seq. This court has original jurisdiction over the action pursuant to CAA § 304(a)(2) (42

2

U.S.C. § 7604(a)(2), which provides that "any person may commence a civil action on his own behalf...(2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator...." Section 304(a) further provides: "The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties,...to order the Administrator to perform such act or duty...." 42 U.S.C. § 7604(a). This Court also has jurisdiction over this action under 28 U.S.C. § 1331 (action arising under the laws of the United States).

7. Section 304 (b)(2) of the Clean Air Act (42 U.S.C. § 7604(b)(2)) requires that written notice of intent to bring suit under Section 304 must be provided to the Administrator of EPA 60 days prior to commencement of such an action. On October 18, 2007, plaintiff notified the Administrator by certified mail of plaintiff's intent to sue EPA pursuant to Section 304(a)(2) of the Act. A copy of this written notice is attached hereto as Exhibit 1. The Notice was received by the Administrator on October 24, 2007. Thus, the 60-day notice period expired on December 23, 2007.

### III.
### VENUE

8. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(e) because the Defendants have their principal offices here and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### IV.
### THE PARTIES

9. Plaintiff Santa Barbara County Air Pollution Control District is a political subdivision of the State of California and is an air pollution control district organized and existing pursuant to Sections 40100 et seq. of the California Health and Safety Code. The District includes the jurisdictional boundaries of the County of Santa Barbara. The District was only recently designated by EPA as attainment for the National Ambient Air

3

Quality Standards ("NAAQs")for the 8-hour ozone standard and is attainment for the annual PM2.5 standard. The District is the agency primarily responsible under state law for attaining and maintaining the NAAQS. Cal. Health & Safety Code § 40001. The District has a direct and immediate stake in the regulations at issue in this case because the District has calculated that if EPA does not regulate Category 3 marine engines then by 2020 these sources of air pollution will represent 75 percent of the District's oxides of nitrogen inventory and may, single-handedly cause the District to again be classified by EPA as nonattainment for the federal ozone standard.

10. The District is primarily responsible for developing and implementing the state implementation plan for the areas within its jurisdiction (Cal. Health & Safety Code § 40910 et seq.) as is required by the Clean Air Act section 110 (42 U.S.C. § 7410). If EPA does not regulate Category 3 marine vessels, the District will have to find other ways to reduce emissions sufficiently to maintain the NAAQs, and the District's tack in developing an adequate State implementation plan will be more difficult and onerous. The District therefore has standing to sue in this case. *National Association of Clean Air Agencies v. Environmental Protection Agency*, 439 F. 3d 1221 (D.C. Cir. 2007).

11. Defendant Stephen L. Johnson is the duly appointed and acting Administrator of the United States Environmental Protection Agency, and is subject to a nondiscretionary duty pursuant to 40 C.F.R. § 94.8 (a)(2)(ii) and CAA § 213(a)(3), (42 U.S.C. § 7547(a)(3)) to promulgate regulations requiring the greatest degree of emissions reductions achievable for Category 3 marine vessels by April 27, 2007. The date for promulgation has passed and Defendant Johnson has neither promulgated such regulations. Indeed, Defendant Johnson has proposed to further delay such regulations until December, 2009. Defendant Johnson is sued herein in his official capacity as Administrator of EPA.

12. Defendant United States Environmental Protection Agency is a federal agency charged by the Clean Air Act with certain nondiscretionary duties, and is required

4

by section 213(a) of the Act, 42 U.S.C. § 7547(a), as well as 40 C.F.R. § 94.8(a)(2)(ii), to promulgate regulations setting standards applicable to emissions from nonroad vehicles and engines, including Category 3 marine vessel engines.

## V.

## FACTUAL AND LEGAL BACKGROUND

13. Pollution from ocean-going vessels contributes substantially to air quality problems in the Santa Barbara region and elsewhere in the United States. Although the County does not have a port, it does have 130 miles of coastline that are heavily traveled (over 7,000 transits in 2005) by ocean-going vessels mostly heading to or from the ports of Long Beach, Los Angeles, or Hueneme. Given the location of the Santa Barbara Channels Islands, large ships are often traveling and emitting pollutants just ten to fifteen miles off the coast. These ships are significant emissions sources, growing due to increasing trade with Asia. Currently, ocean-going-vessels emit over 45 percent of the emissions of oxides of nitrogen in Santa Barbara County. If left uncontrolled, the District projects that marine vessels will contribute almost 75 percent of the County's $NO_x$ pollution by the year 2020. Additional controls for Category 3 engines are both feasible and demonstrated.

14. Clean Air Act section 213(a)(1) requires EPA to conduct a study of emissions from nonroad engines and nonroad vehicles, including marine vessels, to determine if such emissions cause, or significantly contribute to, air pollution which may reasonably be anticipated to endanger public health or welfare. Such study shall be completed by November, 1991. 42 U.S.C. § 7547(a)(1). The Administrator completed such study in 1991.

15. Clean Air Act section 213 (a)(2) requires EPA to determine by November 1992 whether emissions of carbon monoxide, oxides of nitrogen, and volatile organic compounds from new and existing nonroad engines or nonroad vehicles are significant contributors to ozone or carbon monoxide concentrations in more than one area which

5

has failed to attain the NAAQS for ozone or carbon monoxide. 42 U.S.C. § 7547(a)(2). The Administrator made such a significance finding in 1994. 59 Fed. Reg. 31306, 31307 (June 17, 1994).

16. The Clean Air Act requires EPA to regulate nonroad engines for which a significance finding has been made, and such rules are to be promulgated no later than November 15, 1992. CAA § 213(a)(3); 42 U.S.C. § 7547(a)(3). EPA did not promulgate rules for marine vessels until December 1999, and even then excluded Category 3 engines and all engines on foreign-flagged vessels. (64 Fed. Reg. 73300 (Dec. 29, 1999).) EPA was sued by Bluewater Network and settled the case by agreeing to publish, by January 31, 2003, a rule under Section 213(a)(3) containing oxides of nitrogen emission standards for new Category 3 marine diesel engines, and to consider whether Category 3 engines on foreign-flagged vessels should also be subject to such emission standards while in U.S. waters.

17. On February 28, 2003, the Administrator issued a final rule for "Category 3" marine vessel engines (New Marine Compression-Ignition Engines at or Above 30 Liters per Cylinder). 68 Fed. Reg. 9746 (February 28, 2003). The rules for Category 3 engines did not require advanced technologies, did not require any emission reductions beyond the IMO MARPOL Annex VI standards which manufacturers were already meeting, and did not set any standards for foreign-flagged vessels. As part of that rulemaking, EPA stated that it would adopt "Tier 2" standards for Category 3 engines by April 27, 2007, which would consider both requiring advanced technologies such as selective catalytic reduction, and regulating foreign flagged vessels. In fact, EPA adopted a rule committing itself to adopt such "Tier 2" standards by April 27, 2007, as set forth in 40 C.F.R. § 94.8(a)(2)(ii).

18. EPA was sued for failing to regulate Category 3 engines to the extent required by statute, and for failure to regulate foreign-flagged vessels. *Bluewater Network v. EPA*, 372 F.3d. 404 (D.C. 2004). The Court of Appeals held that EPA's

"two-tiered" approach reasonably implemented the requirements of Section 213. However, the Court upheld EPA's approach only because EPA had committed to adopt Tier 2 controls by April 27, 2007. The Court stated: "Finally, and perhaps most importantly, the EPA has committed to incorporating the new technologies into stricter emission standards in the 2007 rulemaking." *Bluewater Network*, 372 F. 3d at 412. The Court also concluded, based on EPA's commitment to address this issue in rulemaking by April 27, 2007, that the challenge to EPA's deferral of the issue of whether to regulate foreign flagged vessels was "premature." *Bluewater Network*, 372 F. 3d at 413.

19. The April 27, 2007 deadline has past without EPA proposing, let alone adopting any new rules for Category 3 engines.

## VI.

## FIRST CLAIM FOR RELIEF

[For Declaratory and Injunctive Relief Based on A Nondiscretionary Duty to Promulgate Tier 2 Regulations for Category 3 Marine Vessel Engines By April 27, 2007 Pursuant to 40 C.F.R. § 94.8(a)(2)(ii) and CAA § 304(a)(2); (42 U.S.C. § 7604(a)(2))]

20. Plaintiff realleges and incorporates here by reference the allegations of Paragraphs 1 through 19 of this Complaint.

21. On February 28, 2003, EPA adopted 40 C.F.R. § 98.4 (a)(2)(ii) which provides: "EPA has not finalized Tier 2 standards for Category 3 engines. EPA will promulgate Tier 2 standards for Category 3 engines on or before April 27, 2007." The time for such promulgation has passed, and the Administrator has not promulgated such standards. Indeed, EPA has proposed to further delay such rulemaking until December, 2009. (72 Fed. Reg. 20977 (April 27, 2007).)

22. A regulatory deadline EPA establishes for itself to complete a rulemaking is an enforceable commitment and constitutes a duty of the Administrator under the CAA

that is not discretionary, and is independently enforceable pursuant to CAA § 304(a)(2), 42 U.S.C. § 7604(a)(2).

23. Based on the foregoing, Plaintiff is entitled to a judgment ordering Defendant Johnson to promulgate Tier 2 regulations for Category 3 marine engines, incorporating advanced technologies and stricter emission standards, including regulation of foreign-flagged vessels, by the earliest date possible.

## VII.

## SECOND CLAIM FOR RELIEF

[For Declaratory and Injunctive Relief Based on Failure to Perform a Nondiscretionary Duty to Adopt Regulations Requiring the Greatest Degree of Emission Reduction Achievable for Category 3 Marine Vessel Engines After Making A Determination of Significance Pursuant to CAA § 213(a)(2), (42 U.S.C. § 7547 (a)(2)]

24. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 23 of this Complaint.

25. Once EPA made the determination of significance pursuant to Clean Air Act section 213(a)(2), (42 U.S.C. § 7547(a)(2)) in 1994, the Administrator became subject to a statutory duty that is not discretionary with the Administrator to promulgate by November 1992 regulations for Category 3 marine engines that required the greatest degree of emission reduction achievable for such engines, pursuant to CAA § 213(a)(3), 42 U.S.C. § 7547(a)(3). This nondiscretionary duty arises out of statute, Section 213(a)(3), (42 U.S.C. § 7547(a)(3)), and is separate and apart from the Administrator's duty arising out of EPA's regulation, and is a duty that exists whether or not EPA ultimately amends its regulation requiring promulgation of Tier 2 rules by April 27, 2007.

26. EPA has still not fulfilled its nondiscretionary duty to regulate Category 3 marine engines and require the greatest degrees of emission reduction achievable, and has failed to regulate foreign-flagged vessels at all, all of which it was required to do by November 15, 1992. EPA is now nearly 17 years past its statutory duty to regulate these engines. In addition, based on the Court's decision in *Bluewater Network*, 372 F.3d at

412, EPA is under a duty that is not discretionary pursuant to Clean Air Act section 213 to adopt further regulations for Category 3 vessels by April 27, 2007. EPA has not yet promulgated nor proposed such rules although this deadline has passed.

27. Based on the foregoing, plaintiff is entitled to a judgment ordering the Administrator and EPA to promulgate Tier 2 regulations for Category 3 marine engines, incorporating advanced technologies and stricter emission standards, including regulation of foreign flagged vessels, by the earliest date possible.

## VIII.

### THIRD CLAIM FOR RELIEF
[Violation of the Administrative Procedure Act]

28. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 27 of this Complaint.

29. Defendant Administrator and Defendant EPA's failure to promulgate regulations containing emissions standards applicable to Category 3 marine diesel engines as required by section 213(a) of the Clean Air Act is a nondiscretionary agency action unlawfully withheld in violation of 5 U.S.C. § 706(1).

30. Defendant Administrator and Defendant EPA's continuing failure to promulgate such regulations is arbitrary, capricious, an abuse of discretion, and not in accordance with the law, contrary to the APA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Santa Barbara County Air Pollution Control District prays for relief as follows:

A. Declare that EPA and Administrator Johnson are in violation of their nondiscretionary duty, pursuant to section 213(a)(3) of the Act, 42 U.S.C. § 7547(a)(3), and pursuant to 40 C.F.R. § 94.8 (a)(2)(11), for failure to promulgate regulations containing standards applicable to emissions from new Category 3 marine diesel engines,

including engines on foreign-flagged vessels that enter United States ports, by April 27, 2007.

B. Declare that EPA and Administrator Johnson are in violation of their nondiscretionary duty, pursuant to Section 213(a)(3) of the Act, 42 U.S.C. § 7547 (a)(3), for failure to promulgate regulations containing standards applicable to emissions from new Category 3 marine diesel engines, including engines on foreign-flagged vessels that enter United States ports, by November 15, 1992.

C. For a judgment enjoining EPA and Administrator Johnson from further delaying compliance with its nondiscretionary duties as set forth herein, and ordering Defendant Johnson to promulgate Tier 2 regulations for Category 3 marine engines, incorporating advanced technologies and stricter emission standards, including regulation of foreign flagged vessels, at the earliest date possible;

D. For costs and attorneys' fees pursuant to law, including CAA § 304(d), (42 U.S.C. § 7604(d); and

E. For such other, further or different relief as this Court may deem just and proper.

Respectfully Submitted,

Dated: December 26, 2007

Jonathan G. Axelrod (DC Bar 210245)
Justin P. Keating
Beins, Axelrod, P.C.
1625 Massachusetts Ave, NW
Suite 500
Washington DC 20036
202.328.7222
FAX 202.328.7030
jaxelrod@beinsaxelrod.com
jkeating@beinsaxelrod.com

DATED: December 20, 2007

William M. Dillon,
Senior Deputy County Counsel,
*Pro Hoc Vice Applicant*
Office of the County Counsel
Santa Barbara County
105 E. Anapamu St. Suite 201
Santa Barbara, CA. 93101
(805) 568-2950
(805) 568-2983 (fax)
wdillon@co.santa-barbara.ca.us

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Santa Barbara County Air Pollution Control District

## DEFENDANTS
Stephen L. Johnson, U.S. Environmental Protection Agency

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Barbara
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Washington, DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jonathan Axelrod
Justin Keating
1625 Massachusetts Ave., NW, Suite 500
Washington, DC 20036

Case: 1:07-cv-02319
Assigned To : Urbina, Ricardo M.
Assign. Date : 12/26/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### A. Antitrust
- 410 Antitrust

### B. Personal Injury/Malpractice
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

### [X] C. Administrative Agency Review
- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- [X] 890 Other Statutory Actions (If Administrative Agency is Involved)

### D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. General Civil (Other)   OR   F. Pro Se General Civil

**Real Property**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**Personal Property**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**Bankruptcy**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**Property Rights**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**Federal Tax Suits**
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- 610 Agriculture
- 620 Other Food &Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

**Other Statutes**
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

NOT USA
NOT USAG

| ○ G. *Habeas Corpus/* 2255 | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Clear Air Act 42 USC 37547(a)(3) EPA failed promulgated required rules

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE December 26, 2007    SIGNATURE OF ATTORNEY OF RECORD    -NOT SIGNED-

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.